IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carlos Carrillo, ) | C/A No.: 5:12-00788-CMC-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| South Carolina Department of Corrections, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

Petitioner, proceeding pro se and *in forma pauperis*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.      Factual Background

Petitioner[1] entered a guilty plea, in the Beaufort County Court of General Sessions on December 12, 2006, to the offense of having written a fraudulent check. ECF No. 1 at 2-3. Petitioner was sentenced to two years of incarceration. *Id.* at 3. On July 16, 2007, Petitioner entered a guilty plea to a forgery charge in that court, and was sentenced to seven years of imprisonment. *Id.* at 2-3. Petitioner did not file a direct appeal of his sentences and convictions, nor did he file an application for post-conviction relief (PCR). *Id.* at 3, 5. The petition's grounds for habeas relief stem from the alleged ineffective assistance of Petitioner's counsel in state

---

[1] Petitioner is a United States Immigration and Customs Enforcement (ICE) detainee at the Stewart Detention Center in Lumpkin, Georgia. ECF No. 1 at 48.

court. Petitioner admits that none of the grounds for habeas relief have been presented to the State's highest court and alleges that he was not informed of his appellate rights by his attorney. *Id.* at 48. Petitioner asks this court to vacate, set aside or correct both sentences and to declare both sentences as legally defective. *Id.*

II. Discussion

   A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which a petitioner could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

   B. Analysis

The instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 is subject to dismissal because Petitioner has not exhausted his state court remedies. The requirement that

state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–(A) the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Lawson v. Dixon*, 3 F.3d 743, 749-50 n.4 (4th Cir. 1993). In *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), the Fourth Circuit Court of Appeals found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts . . . . To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." *Id.* at 911 (citations omitted), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011)).[2]

In this case, Petitioner indicates that his grounds for habeas relief are unexhausted and that his convictions and sentences have not been reviewed by a higher state court. Because it is clear from the face of the petition that the Petitioner has potentially viable state court remedies that have not been utilized, the United States District Court for the District of South Carolina should not keep this case on its docket while the Petitioner is exhausting his state remedies. *See*

---

[2]When a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

3

*Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); *see also Pitchess v. Davis*, 421 U.S. 482, 490 (1975). Therefore, Petitioner's habeas action is subject to summary dismissal.

III. Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

April 4, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).